**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | **Case No. 2:15-CR-080** |
| **Plaintiff,** | : | **Case No. 2:14-CR-127** |
| | : | |
| **v.** | : | **Judge Algenon L. Marbley** |
| | : | |
| **ROBERT B. LEDBETTER,** *et al.* | : | |
| | : | |
| **Defendants.** | : | |

## <u>ORDER</u>

This matter comes before the Court on Defendant Lance Reynolds's motion for revocation of a pretrial detention order. (Doc. 216). The Government opposes Reynolds's motion for revocation and argues that the magistrate judge properly found detention warranted due to "a serious risk that the defendant will endanger the safety of another person or the community." (Doc. 221). This Court agrees with the magistrate judge's findings of fact and conclusions of law. Accordingly, the Court **DENIES** Reynolds's motion for revocation.

## I. BACKGROUND

The Government initially charged Reynolds with two counts of murder for the 2008 death of Shane Allen McCuen. (Doc. 14). On July 11, 2014, Reynolds appeared before Magistrate Judge King for a detention hearing under 18 U.S.C. § 3142(f), at which the Government requested his continued detention pending trial. After receiving testimony from Reynolds's wife and character letters on his behalf, the magistrate concluded that pretrial detention was warranted because there was probable cause to believe that Reynolds committed an offense under 18 U.S.C. § 924(c) and because there was "a serious risk that the defendant will endanger the safety of another person or the community." (Doc. 114).

On August 18, 2014, Reynolds filed a motion for revocation of that detention order under 18 U.S.C. § 3145(b), which the Government opposed.  Several months later, the Government filed a Superseding Indictment which added fourteen new counts against Reynolds, including the following: RICO conspiracy, attempted possession with intent to distribute cocaine, four counts of use of a firearm during and in relation to a drug trafficking crime, two counts of murder for the 2010 death of Quincy Battle, four counts of possession with intent to distribute marijuana, attempted possession with intent to distribute marijuana, and one count of witness tampering. (Doc. 300).  This Court held an arraignment hearing on the Superseding Indictment on December 3, 2014, at which the Court ordered that Reynolds would remain detained pending trial.  Reynolds did not protest this finding at his arraignment.  Nevertheless, on December 7, 2014, Reynolds filed a "notice of renewal" of his earlier motion seeking revocation of the magistrate judge's detention order.  (Doc. 394).

## II.  LEGAL STANDARDS

This court reviews a magistrate judge's detention order de novo.  *United States v. Yamini*, 91 F. Supp. 2d 1125, 1129 (S.D. Ohio 2000).  A judicial officer must order the detention of a defendant pending trial upon a finding that no condition or combination of conditions will reasonably assure either the appearance of the defendant or the safety of the community. 18 U.S.C. § 3142(e).  The judicial officer shall consider several factors in making this determination, including (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to people in the community that the defendant's release would pose.  *Id.* § 3142(g); *Yamini*, 91 F. Supp. 2d at 1130.

Subject to rebuttal by the defendant, there is a presumption that no condition or combination of conditions will reasonably assure the defendant's appearance or the safety of the community if the judicial officer finds probable cause to believe the defendant committed, among other crimes, an offense under 18 U.S.C. § 924(c).  *See* 18 U.S.C. § 3142(e)(3)(B).  The Superseding Indictment, which charges Reynolds with two murders under § 924(c) and (j) (Counts Fourteen and Twenty) as well as four separate firearm offenses under § 924(c) alone (Counts Eighteen, Twenty-Three, Twenty-Six, and Twenty-Eight), establishes probable cause to believe that Reynolds committed an offense that triggers the presumption in favor of detention. *See United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985); *Yamini*, 91 F. Supp. 2d at 1130.

This presumption shifts the burden of production to the defendant to show that his release would not pose a flight risk or a danger to any person or the community.  *United States v. Woods*, 230 F.3d 1361, 2000 WL 1478370, at *1 (6th Cir. Sept. 28, 2000) (unpublished table decision). Once a defendant rebuts the presumption in favor of detention, the government must then establish risk of flight by a preponderance of the evidence or danger to the community by clear and convincing evidence.  *See United States v. Kirk*, 992 F.2d 1218, 1993 WL 157368, at *1 (6th Cir. May 13, 1993) (unpublished table decision) ("The government is required to demonstrate risk of flight by a preponderance of the evidence."); *Hazime*, 762 F.2d at 37 ("[B]etween flight and dangerousness . . . the clear and convincing standard applies only to the latter.").  That said, the presumption in favor of detention does not "vanish simply because a defendant rebuts it."  *Woods*, 230 F.3d 1361, at *1.  Rather, the rebutted presumption retains some evidentiary weight.  *Id.*  Accordingly, the court may continue to give the presumption "some weight" by keeping in mind that Congress has found that certain classes of offenders pose special risks of flight and dangerousness to society.  *See id.*

### III. ANALYSIS

The magistrate found that Reynolds successfully rebutted the presumption in favor of detention through his wife's testimony and several character letters.  (*See* Doc. 114). Nevertheless, the magistrate also determined that the Government satisfied its burden of persuasion through clear and convincing evidence that Reynolds's release would pose a serious risk of danger to the safety of another person or the community.  (*Id.*)  The magistrate based this determination on several factors, including Reynolds's indictment for murder; his criminal history, which included at least three felony convictions and charges involving crimes of violence and weapons; past convictions for felonies apparently committed while he was on probation; a criminal history that includes allegations of failure to appear; and a history of substance abuse.  (*Id.*)  It bears repeating that the magistrate found Reynolds's release would pose a serious risk of danger to the safety of another person or the community *before* the Superseding Indictment was returned—*i.e.*, before Reynolds was charged with participating in a massive RICO conspiracy; the murder of another victim, Quincy Battle; four other instances of using or possessing a firearm in connection with a drug trafficking crime; witness tampering; and numerous other drug trafficking offenses.  (Doc. 300).

As a threshold matter, this Court questions whether Reynolds could rebut the presumption in favor of detention in light of the additional and weighty charges against him. Indeed, Reynolds now faces more charges than any of his nineteen alleged co-conspirators, (*id.*), all of whom remain detained pending trial.  The Court need not answer this question, however, because as the magistrate properly found, the Government showed by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.  *See* 18 U.S.C. § 3142(f).

4

As to the nature and circumstances of the offenses charged, it is difficult to fathom a more dangerous set of allegations than participation in a racketeering conspiracy for which the alleged criminal enterprise operated through intimidation, fear, and violence; two separate murders over the course of several years; multiple instances of firearm usage during and in connection with federal drug trafficking crimes; multiple instances of drug trafficking; and perhaps most troubling, an allegation of witness tampering that occurred *after* Reynolds's initial arrest, arraignment, and pretrial detention hearing.  (Doc. 300).  These charges strongly suggest that Reynolds—if released—would continue to pose a serious risk to the safety of others in the community, especially to witnesses and potential witnesses in this case.  The nature and circumstances of the offenses charged, standing alone, demonstrate that pretrial release is not warranted.  Nevertheless, the Court will examine the available information regarding the other § 3142(g) factors as well.

The weight of the evidence against Reynolds seems strong.  Not one, but two different grand juries returned an indictment against him—both alleging murder, among other crimes. (Docs. 14 and 300).

As to Reynolds's history and characteristics, the Court finds mixed results.  On the plus side, Reynolds is a life-long resident of Columbus, Ohio, with strong family ties in the area.  His wife testified that the couple has two children together and that Reynolds serves as a father figure to two other children from his wife's previous relationship.  In addition, Reynolds and his wife serve as adoptive parents to Reynolds's niece and nephew.  Several members of the community provided letters in support of Reynolds's character, parenting skills, and positive involvement in the community.  Reynolds, moreover, had been employed as an apprentice with American Air for several years before his arrest, indicating steady employment and some financial resources.

On the other side of the ledger, however, stands Reynolds's lengthy and troubling criminal history. The Pretrial Service Report indicates that Reynolds has used marijuana on a daily basis since age sixteen and that he has been charged with driving under suspension nine times. His criminal history includes at least three felony convictions and several charges involving crimes of violence and weapons. His criminal history also includes multiple allegations of failure to appear, and at least some convictions apparently committed while he was on probation. The Court cannot ignore Reynolds's criminal history; rather, the detention statute expressly requires the Court to consider it. *See* 18 U.S.C. § 3142(g)(3)(A) ("[H]istory and characteristics of the person[] include[] . . . past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings . . . .").

Finally, the Court finds that Reynolds's release would pose a grave threat to individuals and the community at large. Reynolds is alleged to have participated in two separate murders stemming from robberies and/or burglaries and numerous other federal firearm offenses committed in the course of drug trafficking crimes. Reynolds and several of his co-conspirators face potential sentencing exposure of up to life imprisonment. *See* 18 U.S.C. § 1963(a). Further, the Superseding Indictment alleges that Reynolds already has engaged in witness tampering in this case to thwart his prosecution. (*See* Doc. 300). Under these circumstances, the Court concludes that Reynolds's release would seriously and significantly threaten the safety of other persons and the community.

Thus, under de novo review, and after weighing all the evidence and reviewing the entire record, this Court finds that there is no condition or combination of conditions of release that will reasonably assure the safety of others and the community. *See* 18 U.S.C. § 3142(e); *see also Yamini*, 91 F. Supp. 2d at 1131. Accordingly, Reynolds will remain detained pending trial.

**IV.  CONCLUSION**

For these reasons, Reynolds's motion for revocation of the pretrial detention order (Doc. 216) is **DENIED**.  Reynolds's notice of renewal (Doc. 394) is therefore rendered **MOOT**.

**IT IS SO ORDERED.**

**___s/ Algenon L. Marbley_____**
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  August 27, 2015**