IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA**     :

      v.                         :           Case No. CR-2-14-127(14)

**LANCE REYNOLDS,**         :           JUDGE MARBLEY

### GOVERNMENT'S SENTENCING MEMORANDUM

Defendant Reynolds is currently set for sentencing on February 1, 2017.  As discussed below, there are several unresolved objections to the determinations made by the Probation Officer.  However, the sentence in this case is driven by the Rule 11(c)(1)(C) plea agreement which established a stipulated sentencing range of 360 months to 420 months.  For the reasons set forth below, the undersigned submits that a sentence of 420 months (35 years) would be appropriate and reasonable under the facts of this case which involved the March 2008 murder of Shane McCuen in Zanesville and the March 2010 murder of Quincy Battle.

The Presentence Investigation Report determined that Reynolds' plea of guilty to Count 1 (Conspiracy to Commit Racketeering) resulted in a final offense level of 43 (actually level 46 which does not exist on the sentencing guidelines

1

table) with a criminal history category of VI.  This leads to a guideline sentence of life imprisonment.

Reynolds has filed two objections to the PSI which remain unresolved.  Counsel for Reynolds has objected to the determination that Reynolds warrants a four-level increase in offense level for his role in the offense.  This enhancement was applied for Count Group 4 – the murder of Quincy Battle.  The evidence of Reynolds' involvement primarily comes from two witnesses, Ishmael Bowers and Christopher Wharton.  Both Bowers and Wharton described Reynolds as the leader and organizer of their criminal activity, after Reynolds identified potential targets, he then recruited the participants depending on the needed skills.  Often, Reynolds himself would not enter the robbery or home invasion scene until it was under control, further cementing his status as the leader.  It should be noted that Jonathan Holt's own "confession" (a statement made to law enforcement in November 2014) also identified Reynolds as the leader in this activity.  A leadership role for Reynolds of at least two levels is certainly appropriate though its impact on sentencing may be minimal.

The second objection relates to overt act #69, the attempted murder of T.L. by Reynolds and others.  This incident

2

was confirmed by cooperating witnesses but the undersigned consider it moot given the binding plea agreement and limited impact on overall offense level for Reynolds (level 46 or 44).

After the Court makes a finding as to the applicable advisory guideline range, the Court is to consider the factors listed in 18 U.S.C. §3553(a) before imposing a sentence.  Among other things, these factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

Under the circumstances of this case, the undersigned believes the nature and circumstances of this offense and the history and characteristics of the defendant are the most important §3553(a) factors relevant to the sentencing of Reynolds.

Reynolds' criminal history category of VI reflects the seriousness of his prior convictions despite his relative youth (though now age 33, Reynolds incurred all of his criminal

3

history points for activity by the age of 30).  This included Reynolds' conviction for participation in a gang as well as his involvement in a 2004 murder.  (PSI ¶ 266, 267)

The instant offenses are also the most serious of any criminal offenses and justify a lengthy sentence both as a deterrent to Reynolds and others as well as punitive punishment.  The murder of Shane McCuen in Zanesville occurred during an attempted robbery.  While Ishmael Bowers and Joseph Hill were waiting in the car, Reynolds and co-defendant Deshawn Smith went up to McCuen's house.  Shortly thereafter, Reynolds shot and killed McCuen (and wounded his dog) and all the men ransacked the house while stealing money, drugs and a gun.  Cooperating witnesses said Reynolds later bragged that he now "had a body" on him.

The murder of Quincy Battle was also the product of Reynolds quest to steal drugs and drug money.  Reynolds and others conducted surveillance of Battle's residence and did a pre-buy of marijuana in planning for the robbery to take place.  The day of the murder, Christopher Wharton (while carrying a firearm) went to the residence in the guise of again buying marijuana.  Shortly after, Johnathan Holt entered the apartment and displayed a handgun and began the robbery which resulted in

4

Wharton, and then Holt, shooting and killing Quincy Battle. True to form, throughout this incident, Reynolds stayed outside in the alley waiting on Wharton and Holt.

The numerous other robberies, shootings and home invasions conducted by Reynolds were all also consistent with the illegal activity that led to the deaths described above.  This conduct easily could have led to even more bloodshed and death.

Despite the activity described above, the undersigned did agree to the stipulated sentencing range of 30-35 years.  It is only when reminded of the context of this entire group of violent offenders that such an argument can be made.  While Ledbetter, Harris, Liston, Ussury, Robinson and Holt went to trial in hopes of an acquittal, Reynolds timely stepped up and admitted what he had done through his guilty plea and acceptance of responsibility to these most serious of offenses.

Reynolds' willingness to timely plead guilty and accept responsibility for his actions clearly distinguishes him from many of his co-defendants who hoped to escape punishment.  This also provides this Court with some hope that Reynolds has seen the error of his ways and that he can, at some point in the distant future, be a member of society outside of prison.  With the benefit of maturity, as well as some education and training

5

within the Bureau of Prisons, it is hoped that a 60-65 year old Reynolds will be less of a threat to society than the 17-30 year old version.

Reynolds clearly furthered the goals of the Short North Posse, a violent criminal enterprise, by engaging in ongoing acts of robbery and murder as part of a pattern of racketeering activity.  These are some of the most serious offenses this Court can hear and warrant a lengthy sentence both for punitive and deterrent reasons.  The sentence of 35 years proposed by the United States would provide just punishment for the defendant, afford a measure of deterrence, protect the public from future crimes, and many years down the road provide the defendant with the assistance he needs to facilitate his re-entry into the community.

It should also be noted that the families of the victims, while agreeing to the plea agreement in this case, may still wish to address the Court to share the impact these crimes have had upon their families.

Under all of the circumstances of this case, the undersigned believes that a reasonable sentence consistent with the rationale of United States v. Booker, 543 U.S. 220 (2005), U.S. v. Cage, 458 F.3d 537, 541 (6th Cir.2006), would be a term

6

of imprisonment of thirty-five years consistent with the 11(c)(1)(C) plea agreement in this case.

## Conclusion

For all the foregoing reasons, the United States submits that the defendant should be sentenced to a term of imprisonment of thirty-five years (420 months).

    Respectfully submitted,

    BENJAMIN C. GLASSMAN
    United States Attorney

    s/Kevin W. Kelley
    KEVIN W. KELLEY   (0042406)
    Assistant United States Attorney

    s/David M. DeVillers
    DAVID M. DeVILLERS (0059456)
    Assistant United States Attorney

    s/Brian J. Martinez
    BRIAN J. MARTINEZ (CA 224587
    Assistant United States Attorney

CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing Government Sentencing Memorandum was served this 17th day of January 2017, via the Court's electronic filing system (ECF) on counsel for defendant, Todd Long and Dennis Belli.

                                                s/ Kevin W. Kelley
                                                KEVIN W. KELLEY
                                                Assistant U.S. Attorney